E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
RAHUL R.A. HARI (Cal. Bar No. 313528)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-2420
     E-mail: Rahul.Hari@usdoj.gov

Attorneys for *Amicus Curiae*
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DU TRUONG NGUYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA;<br>OTIS D. WRIGHT II; STEPHEN V.<br>WILSON; JOHN W. HOLCOMB; et<br>al.,<br><br>    Defendants. | No. 8:23-cv-01472-FWS<br><br>**EX PARTE APPLICATION BY THE**<br>**UNITED STATES OF AMERICA TO**<br>**APPEAR AS *AMICUS CURIAE***<br><br>Honorable Fred W. Slaughter<br>United States District Judge |

    1.     EX PARTE APPLICATION BY THE UNITED STATES OF AMERICA FOR AN ORDER PERMITTING IT TO APPEAR AS *AMICUS CURIAE*;

    2.     MEMORANDUM OF POINTS AND AUTHORITIES;

    3.     DECLARATION OF RAHUL R.A. HARI; AND

    4.     [PROPOSED] ORDER ON EX PARTE APPLICATION;

**<u>EX PARTE APPLICATION</u>**

The United States of America respectfully applies *ex parte* for an order permitting it to appear in this action as *amicus curiae* to defend its interest in the federal judiciary's independence.  Absolute and quasi-judicial immunity forecloses Plaintiff's action against Defendants United States District Court Judges  Otis D. Wright II, Stephen V. Wilson, and John W. Holcomb (collectively, "Judiciary Defendants").    Prosecutorial immunity forecloses Plaintiff's action against Defendants Assistant United States Attorneys Joseph T. McNally, Scott M. Garringer, Tracy L. Wilkison, Eileen M. Decker, Andrew L. Creighton, Justin Rhoades, Mack E. Jenkins, and Karen I. Meyer (collectively, "USAO Defendants").   Plaintiff has not properly effectuated service on either Judiciary or USAO Defendants at this time.   In the event that Plaintiff corrects his service errors before the Court's consideration of the United States' *amicus* brief, the United States also seeks an extension of time for all Defendants to respond to the Complaint until the Court can consider said brief.

Good cause exists to grant this application.   Plaintiff was a criminal defendant in two related cases in the Central District of California.   *See U.S. v. Tu Chau Lu, et al.*, CR 15-662-ODW; *U.S. v. Du Truong Nguyen, et al.*, CR 16-166-ODW.   Plaintiff is currently incarcerated in the Metropolitan Detention Center in Los Angeles (Inmate Reg. No. 71201-112).   This is Plaintiff's second attempt (with a third challenge pending) to collaterally attack his criminal convictions via a conspiratorial complaint brought against judge and prosecutor.[1]   Plaintiff brings this action against the Judiciary Defendants and USAO Defendants for actions they took in their official capacity during his prosecutions.   Thus, judicial immunity (absolute and quasi) and prosecutorial immunity, bar Plaintiff's

---

[1] Plaintiff filed his first case on August 15, 2022 before Judge Holcomb.  *Nguyen v. United States of America, et al.*, 8:22-cv-015424-JWH-ADS.  The case was dismissed on February 13, 2023.  *Id.* at Dkt. 41.  In this second case, Plaintiff now names Judge Holcomb as a Defendant in his latest attempt to overturn his convictions.

In addition, Plaintiff has opted to hedge his bets, filing a third action before this Court and naming the same Defendants, alongside additional judicial staff and AUSAs.  *See Nguyen v. United States of America, et al.*, 2:23-cv-07027-FWS.

claims, deny him the monetary and injunctive relief he seeks, and render his Complaint legally frivolous.  As a result, the United States maintains that Plaintiff's claims against Defendants should be dismissed with prejudice as amendment would be futile.  The United States further maintains that Plaintiff's vexatious litigation merits additional relief in the form of pre-filing screening.

Plaintiff is *pro se*, in custody, and is not an attorney. The only practical way of informing him of this application is by mail marked "Legal Mail" sent to the Plaintiff's address on file with the Court. Notice will be made by mailing the service copy of this application to Plaintiff.  At this time, government counsel does not know whether Plaintiff opposes the instant application.

Plaintiff's contact information as listed on the Court's docket is as follows: Du Truong Nguyen, Inmate Reg. No. 71201-112, MDC Los Angeles, Inmate Mail/Parcels, 535 North Alameda Street, Los Angeles California 90012.

In support of its *ex parte* application, the United States respectfully submits the following memorandum of points and authorities and proposed order.

Dated: October 13, 2023        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


    /s/ *Rahul R.A. Hari*
RAHUL R.A. HARI
Assistant United States Attorney

Attorneys for *Amicus Curiae*
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   BACKGROUND

Plaintiff's Complaint follows convictions in two related criminal convictions.  On December 10, 2015, the first case, CR 15-662-ODW, was randomly assigned to Judge Otis D. Wright II.  The second case, CR 16-166-ODW, was assigned to Judge Wright due to its relation to the first.  Assistant United States Attorney Kim Meyer, an AUSA in the Violent and Organized Crime Section of the United States Attorney's Office, was the prosecutor assigned to Plaintiff's criminal cases.  Following a two-day trial, Plaintiff was convicted by a jury in CR 16-166.  On August 15, 2022, Plaintiff filed a civil suit against Judge Wright, his Courtroom Deputy Clerk, and AUSA Meyer.  Plaintiff was set to be tried in CR 15-662 on December 13, 2022.  Judge Wright self-recused himself from both cases given Plaintiff's pending lawsuit.  Both of Plaintiff's criminal cases were transferred to Judge Stephen V. Wilson.  On August 29, 2023 in CR 16-166, Judge Wilson sentenced Plaintiff to 24 months, to be served concurrently.  On October 13, 2023, AUSA Meyer dismissed Plaintiff from CR 15-662.

Plaintiff filed his Complaint in this matter on August 10, 2023.  Dkt. 1.  Though he filed a proof of service on the docket (Dkt. 6), he did not properly effectuate his service obligations under Rule 4 of the Federal Rules of Civil Procedure on either the Judiciary Defendants or the USAO Defendants.  To date, Plaintiff has not properly effectuated service against the United States.  The allegations in Plaintiff's Complaint are politely described as difficult to decipher.  In his 107-page Complaint, Plaintiff raises a diversity of allegations, ranging from claims that Judge Wright, his courtroom staff, and AUSA Meyer conspired to profit from Plaintiff's conviction by creating securities in his name, to allegations of "High Treason" against a "Sovereign Citizen."  *See* Compl. (Dkt. 1) *generally.*  Plaintiff further alleges that Judge Wilson forged Plaintiff's signature on securities (*Id.* at 19) and that Judges Wright, Holcomb, and Wilson sought to pad their 401k retirement plans using securities fraudulently traded in Plaintiff's name (*Id.* at 27).  Plaintiff seeks as relief "treble damages" from Defendants, and that he be "immediately"

1

released from a "human trafficking ring of false imprisonment." *Id.* at 31.  Ultimately, Plaintiff seeks monetary and injunctive relief.

## II.     EX PARTE RELIEF REQUESTED

Because Plaintiff filed suit against the Judiciary Defendants and USAO Defendants based on their official actions, the doctrines of judicial immunity, quasi-judicial immunity, and prosecutorial immunity bar his claims.  The United States has a significant interest in asserting these doctrines of immunity in this case to protect the independence of the federal judiciary.  The United States also has a vested interest in protecting federal prosecutors from frivolous, civil litigation parallel to the criminal cases they prosecute.  Federal law permits "any officer of the Department of Justice . . . to attend to the interests of the United States in a suit pending in a court of the United States."  28 U.S.C. § 517.  By this application, the United States requests permission to serve as *amicus curiae* to assert its interests in protecting the independence of the federal judiciary and minimizing the disruptive impact of actions such as this on the prosecuting arm of the Department of Justice.

Members of the federal judiciary are often targets of lawsuits by litigants dissatisfied with adverse rulings.  The potential consequences of such lawsuits are significant, as these suits "engender[] unnecessary confusion and a multiplicity of litigation." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1394 (9th Cir. 1987).  The doctrine of judicial immunity protects judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988).  "[T]he doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice'" because it allows judicial officers to "'act upon [their] own convictions, without apprehension of personal consequences.'" *Stump v. Sparkman*, 435 U.S. 349, 363 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

And often prosecuting attorneys are the targets of lawsuits brought by the individuals they prosecute.  The consequences of these lawsuits too, are significant, impeding a prosecutor's ability to effectively do her job if civil liability is a potential result.

2

Prosecutorial immunity is absolute for decisions made and actions taken in the judicial stage of a criminal prosecution. *Brown v. Tanner*, 2020 WL 2574658, at *3 (C.D. Cal. April 10, 2020). This includes Plaintiff's unsubstantiated allegations that USAO Defendants' prosecution of him somehow involved securities fraud.

The United States has an interest in preventing this case from interfering with the efficient administration of justice. Allowing the United States to serve as *amicus* would prevent Defendants from diverting their time and attention from the administration of cases to consider whether to recuse themselves in other cases, retain counsel, and suffer under the continued threat of suit. For these reasons, the United States requests to appear in this action as *amicus curiae*.

The United States' proposed *amicus* brief is attached to the accompanying declaration of Assistant United States Attorney Rahul R.A. Hari as **Exhibit 1**.

## III.  CONCLUSION

The United States respectfully requests that the Court grant this *ex parte* application and allow it to serve as *amicus curiae*.

Dated: October 13, 2023                    Respectfully submitted,

                                           E. MARTIN ESTRADA
                                           United States Attorney
                                           DAVID M. HARRIS
                                           Assistant United States Attorney
                                           Chief, Civil Division
                                           JOANNE S. OSINOFF
                                           Assistant United States Attorney
                                           Chief, Complex and Defensive Litigation
                                           Section


                                             /s/ *Rahul R.A. HARI*
                                           RAHUL R.A. HARI
                                           Assistant United States Attorney

                                           Attorneys for *Amicus Curiae*
                                           United States of America

3

## DECLARATION OF RAHUL R.A. HARI

I, Rahul Hari, do hereby declare and state as follows:

1.      I am an Assistant United States Attorney for the United States Attorney's Office for the Central District of California.   I have been assigned the primary responsibility for representing the United States in this action.

2.      The facts set forth in the attached application and memorandum are true and correct based either upon my personal knowledge or my review of official court records.

3.      Plaintiff is currently incarcerated at the Metropolitan Detention Center, Los Angeles.   I confirmed his current mailing address by checking the address listed on the docket and searching the Federal Bureau of Prisons "Find an Inmate" database using Plaintiff's Inmate Register Number.

4.      Plaintiff is proceeding pro se. His contact information is as follows:

Name: Du Truong Nguyen

Inmate Register Number: 71201-112

Address: MDC Los Angeles, Inmate Mail/Parcels, 535 North Alameda Street, Los Angeles California 90012

Email: DuNguyen0921@gmail.com

6.      Attached as Exhibit 1 is a true and correct copy of the United States' *amicus* brief, which the United States requests to file in this case.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this 13th day of October 2023, at Los Angeles, California.


                                         /s/ *Rahul R.A. Hari*
                                        RAHUL R.A. HARI

4