E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
RAHUL R.A. HARI (Cal. Bar No. 313528)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2420
    E-mail: Rahul.Hari@usdoj.gov

Attorneys for *Amicus Curiae*
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DU TRUONG NGUYEN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; OTIS D. WRIGHT II; STEPHEN V. WILSON; JOHN W. HOLCOMB; et al.,<br><br>    Defendants. | No. 8:23-cv-01472-FWS<br><br><u>Hearing</u><br>Date: November 23, 2023<br>Time: 10:00 a.m.<br>Ctrm: Santa Ana, 10D<br><br>Honorable Fred W. Slaughter<br>United States District Judge |

1.   *AMICUS CURIAE* UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION IN SUPPORT OF DISMISSAL OF PLAINTIFF'S ACTION AND REQUEST FOR INJUNCTIVE RELIEF;

2.   MEMORANDUM OF POINTS AND AUTHORITIES; AND

3.   [PROPOSED] ORDER (filed concurrently).

# TABLE OF CONTENTS

**PAGE**

**MEMORANDUM OF POINTS AND AUTHORITIES** ...............................................1

I. INTRODUCTION ...............................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND .........................................2

    A. Plaintiff's Criminal Indictments and Conviction. ...........................................2

    B. Plaintiff's Civil Lawsuits. ................................................................................3

III. ARGUMENT.........................................................................................................4

    A. ABSOLUTE AND QUASI-JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE JUDICIAL DEFENDANTS...................................................................................................4

    B. ABSOLUTE PROSECUTORIAL IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE USAO DEFENDANTS. ............6

    C. PLAINTIFF'S COMPLAINT IS LEGALLY FRIVOLOUS AND CANNOT BE CURED..................................................................................7

    D. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM OR PLEAD AN ACTIONABLE FRAUD UNDER RULE 9(b). .......................9

    E. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8........10

    F. PLAINTIFF'S ABUSIVE FILINGS WARRANT RELIEF.......................11

IV. CONCLUSION ...................................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                                                                  **PAGE**

*Alfonso v. Lynch*,
   2006 U.S. Dist. LEXIS 47802 (D. Ariz. July 7, 2006) ................................ 9

*Ashelman v. Pope*,
   793 F.2d 1072 (9th Cir. 1986) ..................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................... 9

*Bikle v. Doe, No. 13-cv-911*,
   2013 U.S. Dist. LEXIS 107591 (C.D. Cal. July 24, 2013) ...................... 8,9

*Bikle v. Santos, No. 13-cv-1662*,
   2013 WL 12084155 (C.D. Cal. Dec. 13, 2013) ........................................... 8

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ................................................................... 10

*Brazil v. U.S. Dep't of the Navy*,
   66 F.3d 193 (9th Cir. 1995) ....................................................................... 10

*Broam v. Bogan*,
   320 F.3d 1023 (9th Cir. 2003) ................................................................ 6, 7

*Brown v. Tanner*,
   2020 WL 2574658 (C.D. Cal. April 10, 2020) ........................................... 6

*Corcoran v. Yorty*,
   347 F.2d 222 (9th Cir. 1965) ................................................................ 10, 4

*Cox v. Ashcroft*,
   603 F. Supp. 2d 1261 (E.D. Cal. 2009) ...................................................... 9

*De Long v. Hennesy*,
   912 F.2d 1144 (9th Cir. 1990) ................................................................... 11

*Decormier v. Nationstar Servicers, LLC*,
   2020 U.S. Dist. LEXIS 188240 (E.D. Cal. Oct. 9, 2020) ........................... 8

*Forrester v. White*,
   484 U.S. 219 (1988) ..................................................................................... 4

*Franklin v. Murphy*,
   745 F.2d 1221 (9th Cir. 1984) ..................................................................... 4

*Friend v. Bryan*,
   2021 U.S. Dist. LEXIS 179034 (W.D. Wash. Aug. 13, 2021) ................... 8

*Frost v. Vasan*,
   2017 WL 2081094 (N.D. Cal. May 15, 2017) ............................................ 8

*Garmon v. Cty. Of Los Angeles*,
   828 F.3d 837 (9th Cir. 2016) .................................................................. 4,6

*Gefroh v. Crawford*,
   2021 U.S. Dist. LEXIS 60055 (D. Or. Feb. 8, 2021) ................................... 8

*Gillibeau v. City of Richmond*,
   417 F.2d 426 (9th Cir. 1969) ...................................................................... 4

*Harris v. Wittman*,
   590 F.3d 730 (9th Cir. 2009) ...................................................................... 9

*Hebbe v. Pliler*,
   627 F.3d 338 (9th Cir. 2010) .................................................................... 10

*Hicks v. Kawashima*,
   2016 U.S. Dist. LEXIS 71563 (D. Haw. June 1, 2016) ............................... 7

*Hung Nguyen v. Yolo Cty. District Atty's Office*,
   2021 WL 929558 (E.D. Cal. March 11, 2021) ............................................ 7

*Jones v. Community Redev. Agency*,
   773 F.2d 646 (9th Cir. 1984) .................................................................... 10

*Khazali v. Berns*,
   2016 WL 4479915 (W.D. Wash. Aug. 24, 2016) ....................................... 5

*Koonin v. United States, No. 13-cv-9069*,
   2015 U.S. Dist. LEXIS 43513 (C.D. Cal. Mar. 29, 2015) ........................... 7

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) .................................................................... 9

*McCarthy v. Mayo*,
   827 F.2d 1310 (9th Cir. 1987) .................................................................... 5

*Mireles v. Waco*,
   502 U.S. 9 (1991) ........................................................................................ 5

*Pano v. Cty. Of L.A., No. 19-cv-10521*,
   2020 WL 7978407 (C.D. Cal. Aug. 19, 2020) ............................................ 9

*Petre v. Martin*,
   2019 U.S. Dist. LEXIS 131822 (S.D. Cal. Aug. 6, 2019) ........................... 7

*Ringgold-Lockhart v. Cty. Of Los Angeles*,
   761 F.3d 1057 (9th Cir. 2014) .................................................................. 11

*Sameer v. Khera*,
   2018 WL 6338729 (E.D. Cal. Dec. 5, 2018) ............................................... 8

*Sierra v. Moon*,
   2012 WL 423483 (E.D. Cal. Feb. 8, 2012) ................................................. 8

*Stafne v. Zilly*,
   820 F. App'x 594 (9th Cir. 2020) ............................................................... 5

*Suess v. Obama*, No. 17-cv-1184,
  2017 WL 1371289 (C.D. Cal. Mar. 10, 2017) .............................................................. 8

*Tanner v. Heise*,
  879 F.2d 572 (9th Cir. 1989) ...................................................................................... 4

*Timmons v. Linvatec Corp.*,
  263 F.R.D. 582 (C.D. Cal. 2010) ................................................................................ 9

*Weinstein v. Mueller*,
  563 F. Supp. 923 (N.D. Cal. December 15, 1982) ...................................................... 6

*Wood v. Hixson*, No. 21-cv-8012,
  2021 U.S. Dist. LEXIS 240011 (N.D. Cal. Dec. 15, 2021) ......................................... 7

**STATUTES**

28 U.S.C. § 1915 .................................................................................................................. 8

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on November 23, 2023 at 10:00 a.m., or as soon thereafter as the parties may be heard, the United States of America, as *Amicus Curiae*, will, and hereby does, submit this motion in support of dismissal of Plaintiff's Complaint on the ground that Plaintiff's action against District Court Judges Otis D. Wright, II, Stephen V. Wilson, and John W. Holcomb (jointly, "Judiciary Defendants") is barred by the doctrines of judicial immunity and quasi-judicial immunity. The United States further moves to dismiss Plaintiff's action against Assistant United States Attorneys Joseph T. McNally, Scott M. Garringer, Tracy L. Wilkison, Eileen M. Decker, Andrew L. Creighton, Justin Rhoades, Mack E. Jenkins, and Kim Meyer (jointly, "USAO Defendants") as barred by the doctrine of prosecutorial immunity. The hearing will take place before the Honorable Fred W. Slaughter, United States District Court Judge, in his courtroom located at the Ronald Reagan Federal Building, Courtroom 10D located at 411 W. 4th Street, Santa Ana, California 92701.

This motion is brought under Fed. R. Civ. P. 12(b)(1) and (6) because the doctrines of judicial immunity and prosecutorial immunity render Plaintiff's claims legally frivolous and deprive this Court of subject matter jurisdiction. This motion is also brought under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state claims against the Judiciary Defendants and the USAO Defendants and should be dismissed for failure to comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9(b). No amendment of the Complaint could cure the bars to relief; thus, Defendants request dismissal with prejudice. Defendants further seek injunctive relief from Plaintiff's repeat civil filings.

PLEASE TAKE FURTHER NOTICE that pursuant to Central District Local Rule 7-9, the deadline for Plaintiff to file any opposition to this Motion is no later than twenty-one (21) days before the date designated for the hearing of the motion. Because Plaintiff is currently pro se and incarcerated, the United States is relieved of its meet-and-confer obligations under Local Rule 7-3.

This motion is based on the notice, the attached memorandum of points and

authorities, and the files and records in this case and Plaintiff's previous case, 8:22-cv-01524-JWH-ADS. A proposed order is respectfully submitted for the Court's convenience.

Dated: October 13, 2023

Respectfully submitted,

E. MARTIN ESTRADA
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

   /s/ Rahul R.A. Hari
RAHUL R.A. HARI
Assistant United States Attorney

Attorneys for *Amicus Curiae*
United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Emboldened by a dismissal of his first civil complaint, (8:22-cv-01524-JWH-ADS, Dkt. 40), Plaintiff Du Truong Nguyen wants a second (and third) bite at collaterally challenging his criminal convictions. His Complaint, outlandish in its contentions, alleges a criminal conspiracy by District Court Judges Otis Wright, Stephen Wilson, and John Holcomb, aided by no less than eight current and former Assistant United States Attorneys, to pad their 401k retirement plans by trading securities in Plaintiff's name. To deny Plaintiff's claims risks giving them even an iota of credence. Defendants nonetheless unequivocally refute his fantastical allegations.

At all times relevant to the Complaint, Defendants were acting within the course and scope of their duties and in the interests of justice. As such, their actions are protected by judicial and prosecutorial immunity.

In order to protect judicial independence, the judiciary enjoys sweeping immunity from liability for their official acts. This immunity allows for the performance of civic duties without fear of reprisal from disgruntled litigants. Similarly, prosecutorial immunity protects AUSAs from lawsuits that challenge decisions and conduct made in the judicial stage of a criminal suit, allowing prosecutors the freedom to try cases without the threat of litigation.

Absolute and quasi-judicial immunity foreclose Plaintiff's claims against Judiciary Defendants. Absolute prosecutorial immunity forecloses Plaintiff's claims against USAO Defendants. As such, Plaintiff's Complaint is legally frivolous and warrants dismissal for lack of subject matter jurisdiction. For the same reasons, Plaintiff's Complaint fails to state a claim and to plead with particularity any fraudulent conduct under Rule 9(b). Even in the absence of judicial and prosecutorial immunity, Plaintiff's Complaint is difficult to decipher and fails to comply with Rule 8. Accordingly, the United States respectfully requests that this Court dismiss Plaintiff's action against all Defendants with prejudice.

Because this is Plaintiff's second complaint (with a third on the way[1]) on the same allegations, Defendants additionally request that the Court issue pre-filing restrictions on any of Plaintiff's inevitable future district court actions.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiff's Criminal Indictments and Conviction.

Plaintiff is the defendant in two separate but related criminal proceedings in the Central District of California. *See U.S. v. Tu Chau Lu, et al.*, CR 15-662-ODW; *U.S. v. Du Truong Nguyen, et al.*, CR 16-166-ODW. On December 10, 2015, the first case, CR 15-662-ODW, was randomly assigned to Judge Otis D. Wright II. The second case, CR 16-166-ODW, was assigned to Judge Wright due to its relation to the first. Assistant United States Attorney Kim Meyer, an AUSA in the Violent and Organized Crime Section of the United States Attorney's Office, was the prosecutor assigned to Plaintiff's criminal cases. On December 8, 2021, Plaintiff was convicted in CR-16-166 after a two-day jury trial. Plaintiff had been represented at trial by Kenneth Reed. Sentencing in CR 16-166 was set for August 1, 2022. Before the hearing took place, Plaintiff's counsel, Mr. Reed, withdrew as defense counsel and Plaintiff sought to self-represent. Following *Faretta* hearings, Judge Wright determined that Nguyen's self-representation was both knowing and voluntary. At the sentencing hearing, Plaintiff submitted documents alleging that the Court and AUSA Meyer had financially profited from Plaintiff's prosecution, allegations that have now ballooned in his second and third civil complaints. CR 16-166 Dkt. 130, 131. Following the hearing, Judge Wright issued a minute order indicating Plaintiff may not be sufficiently competent to stand trial. CR 16-166 Dkt. 136. AUSA Meyer sought an order from the Court to have a psychiatrist appointed to evaluate Nguyen's mental

---

[1] Plaintiff filed a third Complaint, 2:23-cv-07027-FWS, Dkt. 1, on August 25, 2023, which was transferred to this Court on September 7, 2023. The third Complaint appears to raise the same claims, adding a number of Court personnel as defendants. However, it does not appear that the Complaint has been properly served on any of the named defendants.

competency. CR 16-166 Dkt. 144. Judge Wright granted the order. CR 16-166 Dkt. 145.

Judge Wright transferred both cases relating to Plaintiff to the Honorable Stephen V. Wilson. CR 15-662 Dkt. 766, CR 16-166 Dkt. 159. On August 28, 2023, in CR 16-166, Judge Wilson sentenced Plaintiff to 24 months on two counts, to be served concurrently. Dkt. 212-213. In the same hearing, AUSA Meyer indicated she intended to dismiss Plaintiff from CR 15-662. *Id.* On October 13, 2023, AUSA Meyer dismissed Plaintiff from CR 15-662.

### B. Plaintiff's Civil Lawsuits.

On August 15, 2022, Plaintiff filed a Complaint before Judge Holcomb in the Southern Division of the Central District of California. CV 22-1524. In that Complaint, Plaintiff asserted that Judge Wright, his courtroom staff, and AUSA Meyer "forged" securities in Plaintiff's name without his knowledge or consent. CV 22-1524 Dkt. 1 at 6-7. According to Plaintiff, the securities created in his name are worth billions. *Id.* at 4. He further alleged that Judge Wright forfeited his lifetime appointment by not "produc[ing] his oath of office upon request." *Id.* at 9. Plaintiff also alleged that AUSA Meyer was obligated to provide "bonds of Indemnification." *Id.* at 7. And at various points, the meandering complaint alleged without clarity, tax violations, identity theft, securities fraud, and treason. *Id.* On December 2, 2022, the United States filed an ex parte application to appear as *amicus curiae*. CV 22-1524 Dkt. 31. Judge Holcomb granted the request on December 6, 2022. *Id.* at Dkt. 32. On December 7, 2022, the United States moved to dismiss Plaintiff's action. *Id.* at Dkt. 33. The motion was granted on February 13, 2023, and that case was dismissed. *Id.* at Dkt. 41.

Plaintiff, somehow encouraged by the Court's dismissal, filed additional cases raising allegations similar to his first, against an expanded list of Defendants. On August 10, 2023, Plaintiff filed a new Complaint, 104 pages in length, which is now before this Court. CV 23-1472 Dkt. 1, 8. Without awaiting further action, on August 25, 2023, Plaintiff filed a third Complaint, a reserved 56 pages in length, which also now before this Court. CV 22-7027 Dkt. 1, 9.

...

...

## III. ARGUMENT

Plaintiff seeks relief from "paradigmatic judicial acts" squarely protected by absolute and quasi-judicial immunity. *Forrester v. White*, 484 U.S. 219, 227 (1988). Plaintiff's accusations against USAO Defendants similarly run headlong into prosecutorial immunity, absolute at the judicial stage of a criminal proceeding. *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016). Ninth Circuit courts regularly find claims of unfounded conspiratorial conduct to be legally frivolous and dismiss such claims for lack of subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984). For this reason, Plaintiff neither states a claim under Rule 12(b)(6) nor does he plead actionable fraud under Rule 9(b). Lastly, Rule 8(a) compels dismissal, as Plaintiff's Complaint is "so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). Accordingly, Plaintiff's action against all Defendants should be dismissed with prejudice.

### A. ABSOLUTE AND QUASI-JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE JUDICIAL DEFENDANTS.

Plaintiff's Complaint is barred by judicial immunity. *Forrester*, 484 U.S. at 227 (explaining absolute judicial immunity applies to "paradigmatic judicial acts involved in resolving disputes between parties"); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989) (holding that judges have "absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority").

Here, Plaintiff's unsubstantiated claims underline exactly why judicial immunity is so essential:

- ***Allegations Against Judge Otis D. Wright II.***[2]  Among other allegations,

---

[2] As discussed in Section E of this brief, Plaintiff's Complaint is difficult to understand—to such a degree that it violates Rule 8 of the Federal Rules of Civil Procedure. This brief's summary of the Complaint represents counsel's best attempt to decipher Plaintiff's allegations.

- Plaintiff alleges that Judge Wright conspired to "reap benefits" from Plaintiff's prosecution "by way of his 401k retirement plan." Compl. at 27. Plaintiff further alleges that Judge Wright "vacated his Office" when he "never produced his oath of office." *Id.* at 28.

- ***Allegations Against Judge Stephen V. Wilson***. In addition to alleging that Judge Wilson also sought to "reap benefits" to his "401k retirement plan" (*Id.* at 27), Plaintiff further alleges that Judge Wilson "witness[ed] a constitutional wrong through fraudulent violation of rights, privileges, and immunities, equating to felony perjury of oath." *Id.* at 35.

- ***Allegations Against Judge John W. Holcomb***. Judge Holcomb is accused, in addition to the allegations levied against Judges Wright and Wilson, of forging "[t]he signature of Du-Truong Nguyen" on a "Certification of Participation," thereby creating "securities being traded" on Plaintiff's criminal and civil case. *Id.* at 20. Plaintiff alleges that as a result, Judge Holcomb is "currently in violations[sic]" of a "Conspiracy to Commit Securities Fraud." *Id.* at 24.

The fact that Plaintiff asserts conspiracy, makes no difference to the applicability of the judicial immunity doctrine. *McCarthy v. Mayo*, 827 F.2d 1310, 1314-15 (9th Cir. 1987) (holding that allegations of conspiracy do not remove quasi-judicial immunity for prosecutors); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("To foreclose immunity upon allegations that judicial and prosecutorial decisions were conditioned upon a conspiracy or bribery serves to defeat these policies."); *Khazali v. Berns*, 2016 WL 4479915, at *2 (W.D. Wash. Aug. 24, 2016) ("Judicial immunity applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy.").

Judicial immunity forecloses Plaintiff's attempt to recover damages as well as injunctive relief . *Stafne v. Zilly*, 820 F. App'x 594, 595 (9th Cir. 2020) ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.") (quoting *Mullis*, 828 F.2d at 1394); *Mireles v. Waco*, 502 U.S. 9 (1991) ("A long line of

this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.").

At bottom, Plaintiff seeks to collaterally challenge a criminal conviction by alleging a conspiracy against him. In truth, Judiciary Defendants actions were textbook judicial acts protected by absolute and quasi-judicial immunity. Plaintiff's claims against the Judiciary Defendants should thus be dismissed with prejudice and without leave to amend.

### B. ABSOLUTE PROSECUTORIAL IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE USAO DEFENDANTS.

"In general, prosecutors are immune from liability for acts performed in the scope of their authority that are an integral part of the judicial process." *Weinstein v. Mueller*, 563 F. Supp. 923, 927 (N.D. Cal. December 15, 1982). This immunity is absolute at the judicial phase of a criminal case. *Garmon*, 828, F.3d at 842; *see also Brown v. Tanner*, 2020 WL 2574658, at *3 (C.D. Cal. April 10, 2020). Put differently, absolute prosecutorial immunity is justified where "any lesser degree of immunity could impair the judicial process itself." *Garmon*, 828 F.3d at 843 (internal citation omitted). Again, Plaintiff's claims threaten exactly that:

- ***Allegations Against USAO Defendants***. In pleading his grand conspiracy, Plaintiff accuses USAO Defendants of colluding with Judge Holcomb to forge his signature on a "Certification of Participation," allowing Judge Holcomb to trade securities in Plaintiff's name. Compl. at 21. Plaintiff further alleges that the USAO Defendants are in "violations[sic] to aggravated identity theft, securities fraud, committing human trafficking to the highest degree." *Id.* at 28.

As with judicial immunity, prosecutorial immunity at the judicial phase remains absolute, regardless of the severity of a civil plaintiff's allegations: "If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights." *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003). Even a prosecutor's acts of knowingly presenting false testimony at trial, or deliberately withholding exculpatory evidence, thus

have absolute immunity from later civil suits. *Id.* Moreover, "[i]ntent should play no role in the immunity analysis," which is why "allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence." *Ashelman*, 793 F.3d at 1078.

Here, Plaintiff's allegations against USAO Defendants focus on their involvement in Plaintiff's prosecution before Judge Wright and Judge Wilson (after Judge Wright was forced to recuse himself from Plaintiff's pending criminal matters). *See* Compl. The USAO Defendants' actions are thus facially protected from subsequent civil liability, regardless of Plaintiff's unfounded, conclusory accusations. Plaintiff's claims against the USAO Defendants should be dismissed with prejudice because they are entitled to absolute immunity—and therefore to qualified immunity as well—from civil suit for their actions and statements in district court regarding Plaintiff's criminal case.

### C. PLAINTIFF'S COMPLAINT IS LEGALLY FRIVOLOUS AND CANNOT BE CURED.

District Courts within the Ninth Circuit routinely find claims such as Plaintiff's to be frivolous. *See, e.g.*, *Wood v. Hixson*, No. 21-cv-8012, 2021 U.S. Dist. LEXIS 240011, at *1 (N.D. Cal. Dec. 15, 2021) ("the lawsuit is frivolous: the judges have judicial immunity, and the plaintiff's recourse is to appeal the prior decision, not collaterally attack it."); *Petre v. Martin*, 2019 U.S. Dist. LEXIS 131822, at *6-7 (S.D. Cal. Aug. 6, 2019) ("The Court also finds Plaintiff's claims are legally frivolous because Defendant possesses absolute judicial immunity."); *Hicks v. Kawashima*, 2016 U.S. Dist. LEXIS 71563, at *6 (D. Haw. June 1, 2016) ("because Judge Kawashima has judicial immunity from suit for Plaintiff's claims, the Complaint is obviously frivolous"); *Koonin v. United States*, No. 13-cv-9069, 2015 U.S. Dist. LEXIS 43513, at *2 (C.D. Cal. Mar. 29, 2015) ("plaintiff's claims are legally frivolous under the judicial immunity doctrine"); *Hung Nguyen v. Yolo Cty. District Atty's Office*, 2021 WL 929558, at *2-3 (E.D. Cal. March 11, 2021) (describing a frivolous suit as one "based on an indisputably meritless legal theory or where the factual contentions are clearly baseless" and placing plaintiff's claims "squarely

7

in the realm of prosecutorial immunity and frivolity.").

Ninth Circuit courts repeatedly dismiss frivolous complaints for lack of subject matter jurisdiction. *See, e.g.*, *Decormier v. Nationstar Servicers, LLC*, 2020 U.S. Dist. LEXIS 188240, at *4 (E.D. Cal. Oct. 9, 2020) (dismissing *sua sponte* the "plaintiff's frivolous complaint for lack of subject matter jurisdiction"); *Sameer v. Khera*, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018) (dismissing complaint with prejudice for lack of subject matter jurisdiction that "alleges the existence of a vast conspiracy bent on plaintiff's destruction"); *Bikle v. Santos*, No. 13-cv-1662, 2013 WL 12084155, at *4 (C.D. Cal. Dec. 13, 2013) ("Because Plaintiff's Complaint is frivolous and its deficiencies clearly cannot be cured by amendment, the Court hereby ORDERS that the Complaint is dismissed with prejudice.").[3]  Plaintiff's Complaint should receive similar summary treatment.

Ninth Circuit courts also consistently deny leave to amend where immunity applies. *Friend v. Bryan*, 2021 U.S. Dist. LEXIS 179034, at *4 (W.D. Wash. Aug. 13, 2021) (dismissing without leave to amend on judicial immunity grounds because "any attempt by Plaintiff to amend the proposed complaint would be futile"); *Gefroh v. Crawford*, 2021 U.S. Dist. LEXIS 60055, at *16 (D. Or. Feb. 8, 2021) ("Because amendment would be futile, Plaintiff's claims against Judge Williams, Judge Donohue, and Trial Court Administrator should be dismissed with prejudice."); *Bikle v. Doe*, No. 13-cv-911, 2013 U.S. Dist. LEXIS 107591, at *12 (C.D. Cal. July 24, 2013) (dismissing claims with

---

[3] Though Plaintiff is not proceeding in forma pauperis, Ninth Circuit courts dismiss complaints like Plaintiff's under 28 U.S.C. § 1915. *See, e.g.*, *Suess v. Obama*, No. 17-cv-1184, 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment the plaintiff over six year period); *Frost v. Vasan*, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (dismissing as frivolous claims against a United States Senator, a university, two corporate entities, and additional unspecified defendants for having allegedly conspired with a secret elite group of businessmen and the CIA to torment the plaintiff); *Sierra v. Moon*, 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012) (dismissing as frivolous an alleged conspiracy by defendants with the CIA to defraud the plaintiffs' interests and murder him).

8

prejudice because "Defendants are absolutely immune from damages suits for actions taken within their capacity as judges or court employees, and all of Plaintiff's monetary claims"); *Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1274 (E.D. Cal. 2009) (because Defendant AUSAs had absolute immunity, "the defects in Plaintiff's allegations against [the AUSAs] cannot be resolved by more pleading" and the case was dismissed "with prejudice and without leave to amend.")  The same should occur here.

Accordingly, because Plaintiff's claims are barred by absolute immunity, Plaintiff's claims against all three Defendants should be dismissed with prejudice as "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000).

### D. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM OR PLEAD AN ACTIONABLE FRAUD UNDER RULE 9(b).

To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and a Complaint must state "enough facts to state a claim to relief that is plausible on its face." *Timmons v. Linvatec Corp.*, 263 F.R.D. 582, 584 (C.D. Cal. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  For the reasons discussed above, Defendants are entitled to absolute immunity. Thus, Plaintiff's claims against Defendants are subject to dismissal for failure to state a claim. *See, e.g.*, *Harris v. Wittman*, 590 F.3d 730, 742 (9th Cir. 2009) ("All of the defendants are entitled to derived quasi-judicial immunity; therefore, Harris fails to state a claim upon which relief can be granted"); *Pano v. Cty. of L.A.*, No. 19-cv-10521, 2020 WL 7978407, at *7 (C.D. Cal. Aug. 19, 2020) (dismissing complaint for failure to state a claim where the court found "quasi-judicial immunity shields the clerk from liability in this action"); *Alfonso v. Lynch*, 2006 U.S. Dist. LEXIS 47802, at *6 (D. Ariz. July 7, 2006) ("Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on judicial immunity grounds is appropriate as well").

Relatedly, for the reasons discussed above, none of Plaintiff's allegations can form a basis for fraud against Defendants.  Thus, Plaintiff has failed to "state with particularity

the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (explaining Rule 9(b) requires fraud allegations to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged").

Accordingly, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) and Rule 9(b).

### E.  PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8.

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d).  The complaint must give fair notice and state the elements of the complaint "plainly and succinctly." *Jones v. Community Redev. Agency*, 773 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at least some degree of particularity the overt acts which support his claim.

A *pro se* plaintiff's pleadings are to be interpreted liberally.  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  This is not without limit, however.  Even *pro se* pleadings "must meet some minimum threshold in providing a defendant notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A complaint that is so "verbose, confused, and redundant that its true substance . . . is well disguised" merits dismissal under Rule 8. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 2008).

Plaintiff's Complaint is meandering, poorly formatted, and rife with allegations that jump without transition from conspiracy to treason to an abdication of judicial appointment.  The Complaint cites in support of its claims New York state law and affidavits from witnesses whose identity the Complaint never discloses.  The Complaint requests a Final Global Settlement, release from "false imprisonment," and fees, without ever tying the requested relief to any of Plaintiff's claims.  It is almost impossible to understand exactly what acts Plaintiff is challenging and under what legal theory.  Accordingly, Plaintiff's Complaint should be dismissed for violating Rule 8.

### F.   PLAINTIFF'S ABUSIVE FILINGS WARRANT RELIEF.

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennesy*, 912 F.2d 1144, 1447 (9th Cir. 1990)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Under Ninth Circuit precedent, a pre-filing order may be warranted where, in the Court's assessment, the party's filings—in number and content—reflect a pattern of frivolous litigation or, alternatively, a "pattern of harassment." *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.3d at 1148).

Plaintiff's behavior does not appear likely to abate. Despite a dismissal of his first collateral attack on his conviction, Plaintiff chose to file a second, longer and more complex Complaint raising a variety of fantastic and conspiratorial claims. Fifteen days after that, he filed a third Complaint. Plaintiff has similarly filed a number of meandering motions and notices in his terminated criminal cases and civil case. *See, e.g.*, CV 22-1524, "Supplemental Letter to President Jose[sic] Biden" (Dkt. 36); CR 15-662, "Affidavit of Bias or Prejudice of Counsel" (Dkt. 900); CR 15-662, "Demand for Payment" (Dkt. 847). Plaintiff is likely to continue to strain resources by filing lengthy civil complaints seeking to overturn his criminal conviction. Given the likelihood that Plaintiff will return to the Court with the same allegations against an ever-expanding list of judicial and prosecutorial defendants, a screening of Plaintiff's future actions is warranted. Accordingly, Defendants request relief from Plaintiff's vexatious litigation by way of injunction requiring that Plaintiff, and any person acting on his behalf, be obligated to obtain written authorization from a Judge of the Court or a Magistrate Judge before initiating a new civil action, where the action seeks relief from his criminal conviction or money damages as a result of his conviction.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's action against the Judiciary Defendants and the USAO Defendants with prejudice and without leave to amend and impose the specified pre-filing restriction outlined above.

Dated: October 13, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

　*/s/ Rahul R.A. Hari*
RAHUL R.A. HARI
Assistant United States Attorney

Attorneys for *Amicus Curiae*,
United States of America