E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
RAHUL R.A. HARI (Cal. Bar No. 313528)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2420
    E-mail: Rahul.Hari@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DU TRUONG NGUYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA;<br>OTIS D. WRIGHT II; STEPHEN V.<br>WILSON; JOHN W. HOLCOMB; et<br>al.,<br><br>    Defendants. | No. 8:23-cv-01472-FWS<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: December 14, 2023<br>Hearing Time: 10:00 am<br>Ctrm: 10D<br><br>Honorable Fred W. Slaughter<br>United States District Judge |

1    I.    **ARGUMENT**

2          Plaintiff's goal is singular: overturn his criminal convictions.  In service of his

3    collateral attack, Plaintiff has alleged an incomprehensible plot between federal judges

4    and prosecutors.  Plaintiff's Opposition fails to address the substance of Defendant's

5    motion, and instead continues to rely on the conspiratorial and nonsensical allegations in

6    his Complaint.  Plaintiff does not—nor could he—explain how his claims survive the

7    doctrines of judicial and prosecutorial immunity.  For the reasons outlined in Defendant

8    United States' motion, the Court should dismiss the allegations against all Defendants.

9          *First*, the federal judiciary enjoys sweeping immunity from liability related to their

10   official acts.  Judicial immunity is critical to preserving the independence of the federal

11   courts.  This immunity protects federal judges from lawsuits even where a plaintiff alleges

12   conspiracy.  *McCarthy v. Mayo*, 827 F.2d 1310, 1314-15.  Here, the Judiciary Defendants

13   were at all times relevant to the Complaint acting in their official capacity.  Plaintiff cannot

14   plead around judicial immunity by making allegations that he characterizes as criminal

15   conspiracy, human trafficking, and/or securities fraud.  The Court should dismiss the

16   allegations against the Judiciary Defendants with prejudice.

17         *Second*, prosecutors are immune from liability for acts in their official capacity and

18   tied to an integral part of the judicial process.  Here, Plaintiff's allegations against the

19   USAO Defendants stem from their involvement in his criminal prosecution.  For the

20   reasons outlined in Defendant's motion, Plaintiff's allegations against the USAO

21   Defendants should be dismissed with prejudice.

22         Defendant requested that the Court take steps to prevent Plaintiff's abuse of the

23   federal courts by restricting his ability to file new civil cases.  This is Plaintiff's second

24   case against Defendants in less than a year.[1]  Since the filing of Defendant's motion to

---

[1] Plaintiff filed an identical case in August 2022: *Nguyen v. U.S.*, 8:22-cv-01524-JWH-ADS. Defendants' motion to dismiss that case was granted and the complaint was dismissed without leave to amend on February 13, 2023.

1

dismiss the instant case, filed on October 24, 2023 (Dkt. 14), Plaintiff has filed more than a dozen documents on the docket that range from improper demands for jury trials to requests for private investigators to motions to disqualify <u>all</u> United States District Judges from hearing his cases.  Dkts. 16-29.  Plaintiff has also initiated a third lawsuit against the similar Defendants, also before this Court.  *See* 8:23-cv-07027-FWS.[2]  In addition, Plaintiff has initiated a fourth lawsuit against PIMCO, and investment management company, alleging that the investment firm allowed securities to be traded in his name, presumably related to his allegations against Defendants.  *See* 8:23-cv-01549-JWH-ADS.  It is clear Plaintiff does not intend to stop filing motions and new cases in pursuit of his convoluted conspiracy theory and challenge to his criminal conviction.  Plaintiff is likely to continue bringing the same allegations against a growing list of prosecutors, federal judges, and judicial staff.  Accordingly, as set forth in Defendant's motion, Defendant requests relief from Plaintiff's vexatious litigation by way of injunction requiring written authorization from a District or Magistrate Judge before he is allowed to initiate a new civil action seeking relief from his criminal conviction or money damages as a result of his conviction.

## II.    CONCLUSION

For the aforementioned reasons, Defendant United States respectfully requests that the Court dismiss Plaintiff's action and grant Defendant's requested injunctive relief.

---

[2] Although Plaintiff has not properly served any of the named defendants with the third lawsuit, the docket reflects that this related case raises identical allegations against almost the same set of Defendants named in this action. The Court has authority to dismiss that action *sua sponte* for the same reasons outlined in Defendant's instant motion. *Creech v. Tewalt*, 84 F4th 777, 787 (9th Cir. 2023) (citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Dated: November 30, 2023                Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


_____*/s/Rahul R.A. Hari*_____
RAHUL R.A. HARI
Assistant United States Attorney

Attorneys for Defendant